THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SERGIO DE JESÚS LÓPEZ, Defendant and Appellant.

No. 7709. Argued July 3, 1939.—Decided July 14, 1939.

*Juan Lastra* for appellant.   *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for The People, appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The complaint which is the basis of this prosecution, charged the defendant with a violation of the Final Order of the Public Service Commission of January 4, 1938, approved by the Governor on January 7, 1938, and published according to law, which consisted in the chauffeur defendant having acted "as a common carrier carrying passengers by the seat in said vehicle in the route leading from San Juan to Sunoco".

An amendment to the complaint was granted and once the trial *de novo* prescribed by law had been held in the district court, the accused was condemned to pay a fine of $50. Feeling aggrieved he appealed, assigning in his brief the commission of the following errors: 1, in permitting an amendment to the complaint; 2, in refusing to admit in evidence the permit issued by the Public Service Commission in favor of the defendant to carry passengers by the route that leads from Humacao to San Juan; and 3, in weighing the evidence.

The following took place in regard to the demurrer and the amendment according to the record:

"The complaint was read and counsel for the defense demurred to it for the reason that it does not state the specific place where the passenger was picked, stating instead 'in the route from San Juan to Sunoco'.

"JUDGE: It is here stated that he carried passengers by the seat in the route from San Juan to Sunoco and the court takes judicial notice that Sunoco is within the Municipality of San Juan. It would have to be added 'in the Municipality of San Juan.' The court grants the demurrer, but allows the prosecuting attorney permission to amend the complaint to the effect of adding after 'in the route from San Juan to Sunoco,' 'in the Municipality of San Juan, Puerto Rico.' Have the clerk take the policeman's oath so that he may swear to the complaint as amended

"DEFENSE: We wish to emphasize that at this moment the prosecuting attorney cannot amend the complaint as this is a complaint which was originally filed in the municipal court.

"JUDGE: It is the court's opinion that the complaint may be amended.

"DEFENSE: We take exception.

"JUDGE: Note in the record that the policeman complainant swears to the complaint in the manner in which it was amended."

Attacking the assignment the Prosecuting Attorney in his brief states, rightfully in our opinion, as follows:

"As this Hon. Court will see in this case, different from that of Pablo Matos Correa, No. 7787, decided on June 24 current, the original complaint which was the basis for the prosecution in the municipal court, in our opinion states facts sufficient to determine the violation to the order of the Public Service Commission which in the same, alleged to have been infringed. Being so, the amendment allowed by the lower court consisting in the addition of the phrase 'in the Municipality of San Juan, Puerto Rico', after 'the route from San Juan to Sunoco,' is not a substantial or fundamental amendment. Furthermore, we believe that said amendment was completely unnecessary, considering that it did not alter, change or modify the original complaint improving it in any substantial manner, for the simple reason that the municipal court where the case was originally tried, as well as the lower court which heard the case on appeal, had judicial notice that the route from San Juan to Sunoco is included within the Municipality of San Juan. . . .

"In consequence it is our belief that the trial judge in granting what he called a 'demurrer' and in continuing with the trial with the complaint amended in the manner in which he ordered, did nothing but continue with the trial with the same complaint which was the basis for the prosecution in the municipal court, inasmuch

as, as was said above, the amendment did not introduce any change or variations in the same which could improve or better the one which had come from the municipal to the district court.''

■■ There was no error. The incident which was the basis for the second assignment appears from the record as follows:

"DEFENSE: We offer a permit issued by the Public Service Commission to the effect that defendant is permitted to carry passengers.

"PROSECUTING ATTORNEY: I object as the certificate is irrelevant.

"JUDGE: It is irrelevant. This permit states that the defendant may carry passengers on the route from Humacao to San Juan, but not within the Municipality of San Juan, which is the fact in issue here.''

In the first place, it does not appear that the accused took any exception, and secondly, even if he should have taken it, the grounds stated by the judge would be sufficient to uphold his order. It does not matter that the defendant was authorized to carry passengers by other routes. What would have been bearing would be a permit to act as common carrier in the route San Juan-Sunoco. The evidence, consequently, was not pertinent. There was no error.

■ Nor was committed the third and last error assigned, that is, the one in regard to the weighing of the evidence.

The evidence for both parties was conflicting. If that for the accused, tending to show that what was involved was a carrying of passengers between San Juan and Guaynabo, should have been believed, then the acquittal of defendant would lie, but as that for The People was the one believed, consisting of the testimony of Policeman Abad González, which was not excepted to, there are grounds sufficient for the judgment of conviction entered, as according to the policeman, the two passengers which defendant took in the car that he was driving, on a corner of one of the streets of San Juan, told him, one, that he was going to Santurce, and the other that he was going to Sunoco, that is, within the route wherein the accused is forbidden to operate as a common

carrier of passengers, and the court decided the conflict in favor of the prosecution, it not having been shown that it was influenced by bias, prejudice or partiality or that it committed any manifest' error.

The appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Travieso took no part in the decision of this case.